UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TYLER JAMES CARRION,

           Plaintiff,

      v.                                          Case No. 25-cv-1481-bhl

HUNTER SCHMELZLE,
KEITH LOEHRKE, and
KIMBERLY LOEHRKE,

           Defendants.

---

## SCREENING ORDER

---

      Plaintiff Tyler James Carrion, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Carrion's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Carrion has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Carrion has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $5.97. Carrion's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Carrion, on May 2, 2024, at about 1:43 a.m., he went to use the bathroom when an unidentified inmate hit him in the head from behind. Carrion asserts that he woke up about half an hour later in a pool of blood. Carrion states that third-shift correctional officer Hunter Schmelzle was not at his assigned post when the attack occurred. He states that, had Schmelzle been at his post, the attack would not have happened. He further states that prison staff failed to investigate the incident to determine who attacked him.

## THE COURT'S ANALYSIS

Carrion asserts that Schmelzle violated his rights when he left his post and failed to protect him from being attacked by another inmate. Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants

knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). Stated another way, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. This is because, while "an official's failure to alleviate a significant risk that he should have perceived but did not" is "no cause for commendation," it cannot "be condemned as the infliction of punishment." *Id.*

In light of the forgoing legal principles, Carrion fails to state a claim against Schmelzle because the Court cannot reasonably infer from Carrion's allegations that Schmelzle knew Carrion faced a substantial risk of being attacked while he was away from his post. The Court sympathizes with Carrion, but Schmelzle's failure to prevent a harm that he did not know about does not violate the Eighth Amendment.

Schmelzle names two other individuals in the caption of his complaint, but he does not state a claim against them because he includes no allegations about what they did or did not do to violate his rights. To the extent Carrion named them as Defendants because he believes they did not adequately investigate the attack, the Court notes that only persons who cause or participate in a violation will be liable. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). And failing to investigate a completed act of misconduct or ruling against a prisoner on an inmate complaint about a completed act of misconduct does not cause or contribute to the violation. *See id.* Carrion therefore fails to state a claim against any individual who allegedly failed to investigate the attack.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Carrion believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **January 16, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Carrion's failure to state a claim in his original complaint. If Carrion does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Carrion's motion for leave to proceed *in forma pauperis* (Dkt. No. 7) is **GRANTED** and his second and third motions for leave to proceed *in forma pauperis* (Dkt. Nos. 9, 12) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **January 16, 2026**, Carrion may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Carrion a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Carrion shall collect from his institution trust account the $344.03 balance of the filing fee by collecting monthly payments from Carrion's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Carrion is transferred to another institution, the transferring institution shall forward a copy of this Order along with Carrion's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Carrion is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Carrion is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge