UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYLER JAMES CARRION,

        Plaintiff,

        v.                                      Case No. 25-cv-1481-bhl

HUNTER SCHMELZLE,

        Defendant.

## SCREENING ORDER

Plaintiff Tyler James Carrion, who is currently serving a state prison sentence at the Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 17, 2025, the Court screened the complaint and after concluding it failed to state a claim, gave Carrion the opportunity to file an amended complaint, which he did on January 15, 2026. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

The allegations in the amended complaint are substantively the same as the allegations in the original complaint. According to Carrion, on May 2, 2024, at about 1:43 a.m., he went to use the bathroom when an unidentified inmate hit him in the head from behind. Carrion asserts that he woke up about half an hour later in a pool of blood. Carrion states that third-shift correctional officer Hunter Schmelzle was not at his assigned post when the attack occurred, as required by the employee handbook. Carrion believes that, had Schmelzle been at his post, the attack would not have happened.

## THE COURT'S ANALYSIS

Carrion again asserts that Schmelzle violated his rights when he left his post, which gave another inmate the opportunity to attack him. The Court explained in the original screening order why Schmelzle's alleged actions do not give rise to constitutional violation. "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Stated another way, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. This is because, while "an official's failure to alleviate a significant risk that he should have perceived but did not" is "no cause for commendation," it cannot "be condemned as the infliction of punishment." *Id.*

As previously explained, Carrion fails to state a claim against Schmelzle because the Court cannot reasonably infer that Schmelzle knew Carrion faced a substantial risk of being attacked while Schmelzle was away from his post. Nothing suggests that Schmelzle knew that Carrion was going to use the bathroom or that another inmate would attack Carrion while he was in the bathroom. Schmelzle's failure to prevent a harm that he did not know about does not violate the Eighth Amendment. Moreover, the mere fact that Schmelzle's actions may have violated prison policy is insufficient on its own to give rise to a constitutional claim. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (holding that §1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices").

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of January, 2026.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.